DocuSign Envelope ID: EA991606-EA5C-409E-A9EA-C2A95A91D843

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2016 JUN 16  A 10: 38

Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Mrs. Jello, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:16CV673 |
| | )  GBL / MSN |
| John Doe, | ) |
| and | ) |
| ifz.com | ) |
| and | ) |
| jogs.com | ) |
| and | ) |
| jojo.com | ) |
| and | ) |
| lute.com | ) |
| and | ) |
| mica.com | ) |
| and | ) |
| sack.com | ) |
| and | ) |
| hxx.com | ) |
| and | ) |
| iaf.com | ) |
| and | ) |
| khk.com | ) |
| and | ) |
| lej.com | ) |
| and | ) |
| smf.com | ) |
| and | ) |
| viw.com | ) |
| and | ) |
| wwnm.com | ) |
| and | ) |
| xvs.com | ) |
| and | ) |
| zdu.com | ) |
| and | ) |
| jacy.com | ) |
| and | ) |

1

DocuSign Envelope ID: EA991606-EA5C-409E-A9EA-C2A95A91D843

hfj.org )
    and )
x.tv )
     )
    Defendants. )

### Verified Complaint

Comes now the Plaintiff Mrs. Jello, LLC by and through it counsel, and files this complaint against John Doe and the domains <ifz.com>, <jogs.com>, <jojo.com>, <lute.com>, <mica.com>, <sack.com>, <hxx.com>, <iaf.com>, <khk.com>, <lej.com>, <smf.com>, <viw.com>, <wwnm.com>, <xvs.com>, <zdu.com>, <jacy.com>, <hfj.org>, and <x.tv>.

I.    Nature of The Suit

    1.    This is an action for violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. ' 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. ' 1030 as well as relief pursuant to the Declaratory Judgment Act, 28 U.S.C. ' 2201.

    2.    The Plaintiff is seeking an injunction and other equitable relief as a result of the actions of the Defendant John Doe who gained unauthorized access to the Plaintiff's account at the Plaintiff's registrar, eNom, on a protected computer, and used this access to transfer control of the Defendant Domain Names from the Plaintiff's account and therefore disabled the Plaintiffs ability use and control its domain names causing irreparable injury to the Plaintiff.

II.    The Parties

    3.    The Plaintiff, Mrs. Jello, LLC (hereinafter "the Plaintiff"), is a New Jersey LLC with a principal place of business at 12 Chelsea Drive, Livingston, New Jersey 07039.

    4.    Upon information and belief the Defendant John Doe (hereinafter "Defendant Doe") is a resident of China, although the location information provided is misleading and incomplete suggesting deception on the part of the registrant.   For all but two of the domain

2

DocuSign Envelope ID: EA991606-EA5C-409E-A9EA-C2A95A91D843

names the registrants's name is listed as Azhanzhizhong with a street name of baitangzianggaoliancunerzu@ in Ayueyangshi@ Hunan, China with a phone number of +86.13215922731 and an email of 81185722@qq.com.  For one of the remaining two domains, the Defendant has concealed his identify behind WhoisGuard Protected in Panama City, Panama and for the remaining domain (x.tv) the Defendant has left the Plaintiff's name on the registration but inserted his email, zhanzhizhong588@gmail.com assuming control over the domain.[1]  The contact information provided by the Defendant Registrant is materially misleading and false.

5.      The registries for the Defendant Domain Names, the *res* of this *in rem* action are, for the <.com> and <.tv> domains Verisign, Inc, and for the <.org> domain, the Public Interest Registry both of which are located within this judicial district. [2]

III.  Jurisdiction and Venue over the Subject Matter of this Action

6.      This action arises out of the Defendants violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. ' 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. 1030.

---

[1]   The thefts of all of the subject domain name occurred at the same time with the same method upon which the Plaintiff asserts the same thief was responsible.

[2]   Verisign, Inc.'s primary place of business is 21355 Ridgetop, Circle - Lakeside III, Dulles, Virginia 20166, and The Public Interest Registry's primary place of business is 1775 Wiehle Avenue, Suite 100, Reston, VA 20190 USA both of which are within this judicial district.

DocuSign Envelope ID: EA991606-EA5C-409E-A9EA-C2A95A91D843

7.     This Court has original jurisdiction pursuant to 15 U.S.C. 1121(a) and 28 U.S.C. 1331 and 1338(a) and has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. 1125(d)(2)(A), insofar as the registries for domain names are located within this judicial district.   This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 as this action arises under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. 1125(d).

8.     Venue is proper in this district pursuant to 15 U.S.C. 1125(d)(2)(C) as the subject registries, Verisign, Inc. and The Public Interest Registry, both have their principal places of business in this judicial district.   Venue is further proper pursuant to 28 U.S.C. 1391(b)(2) as the subjects of the action reside in this district.

9.     The Defendant Doe directed the acts complained of towards the district and utilized instrumentalities in the district in that the Defendant gained unauthorized access to the Plaintiff's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration record maintained by Verisign and The Public Interest Registry respectively, for the Defendant Domain Names to be altered so as to transfer control of the Defendant Domain Names away from the Plaintiff.

10.     The Declaratory Judgment Act, 28 U.S.C. 2201 provides for a declaration of the rights of the Plaintiff in this matter.

IV.     Notice

11.     Pursuant to ACPA ' 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint is being sent to the Defendant at the postal and email addresses on the current WHOIS records as set forth above as well as to the postal and email address previously identified by the Defendant.

12.     Plaintiff is providing such notice contemporaneously with the filing of this

DocuSign Envelope ID: EA991606-EA5C-409E-A9EA-C2A95A91D843

Complaint. Pursuant to 15 U.S.C. 1125(d2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action as the court may direct after filing of this Complaint.

V.   Factual Background

13.    On November 16, 1999 the Plaintiff purchased <ifz.com> and maintained registration through November 16, 2016. (See Exhibit 1-01.)

14.    On July 7, 1998 the Plaintiff purchased <jogs.com> and maintained registration through July 6, 2016. (See Exhibit 1-02.)

15.    On December 8, 1995 the Plaintiff purchased <jojo.com> and maintained registration through December 7, 2016. (See Exhibit 1-03.)

16.    On March 5, 2001 the Plaintiff purchased <lute.com> and maintained registration through March 5, 2017. (See Exhibit 1-04.)

17.    On March 7, 2004 the Plaintiff purchased <mica.com> and maintained registration through March 7, 2017. (See Exhibit 1-05.)

18.    On September 23, 1998 the Plaintiff purchased <sack.com> and maintained registration through September 22, 2016. (See Exhibit 1-06.)

19.    On November 16, 1999 the Plaintiff purchased <hxx.com> and maintained registration through November 16, 2016. (See Exhibit 1-07.)

20.    On March 15, 1995 the Plaintiff purchased <iaf.com> and maintained registration through March 16, 2017. (See Exhibit 1-08.)

21.    On November 20, 2000 the Plaintiff purchased <khk.com> and maintained registration through November 20, 2016. (See Exhibit 1-09.)

22.    On November 16, 1999 the Plaintiff purchased <lej.com> and maintained registration through November 16, 2016. (See Exhibit 1-10.)

DocuSign Envelope ID: EA991606-EA5C-409E-A9EA-C2A95A91D843

23. On June 11, 1997 the Plaintiff purchased <smf.com> and maintained registration through June 10, 2016. (See Exhibit 1-11.)

24. On November 9, 1999 the Plaintiff purchased <viw.com> and maintained registration through November 9, 2016. (See Exhibit 1-12.)

25. On March 23, 2003 the Plaintiff purchased <wwnm.com> and maintained registration through March 23, 2017. (See Exhibit 1-13.)

26. On March 19, 2000 the Plaintiff purchased <xvs.com> and maintained registration through March 19, 2017. (See Exhibit 1-14.)

27. On March 19, 1996 the Plaintiff purchased <zdu.com> and maintained registration through March 20, 2017. (See Exhibit 1-15.)

28. On September 11, 1997 the Plaintiff purchased <jacy.com> and maintained registration through September 10, 2016. (See Exhibit 1-16.)

29. On November 27, 2003 the Plaintiff purchased <hfj.org> and maintained registration through November 17, 2016. (See Exhibit 1-17.)

30. On July 30, 2003 the Plaintiff purchased <x.tv> and maintained registration through July 30, 2016. (See Exhibit 1-18.)

31. Sometime before May 7, 2016 Defendant Doe gained unauthorized access to the Plaintiff's domain management account and, on May 7, 2016 without authorization, transferred control of the Defendant Domain Names away from the Plaintiff.[3] (See Exhibits 2-01 through 2-18 showing unauthorized changes to the registrations for each Defendant Domain Name.)

---

[3] Upon information and belief Defendant Doe used a key-logger to gain confidential log-in information and subsequently used this stolen confidential information to unlawfully take control of the Defendant Domain Names.

32.    On or about May 7, 2016 the Plaintiff attempted to access its domain management account and discovered the theft.

33.    Plaintiff is in the business of domain monetization, and, as such, purchases domain names for the purpose of turning internet traffic into monetary gain through the use of site development, as well as click through traffic, creation of business ventures, and domain name sales.

34.    The Defendant Domain Names are extremely valuable and their loss has deprived the Plaintiff of the income regularly generated by the Defendant Domain Names.  The Defendant Domain Names are collectively worth in excess of $875,000.[4]

35.    Defendant Doe has taken control of the Defendant Domain Names with the intent to redirect the income produced by the Defendant Domain Names to himself and to resell the Domain Names.[5]  Currently, <hxx.com>, <jacy.com> and <xvs.com> are actively listed for sale to the public for financial gain without relation to use of the domain name in the bona fide offering of any good or services.

36.    Over the many years of ownership of the Defendant Domain Names, the Plaintiff has used the Defendant domain names in commerce and has common law rights in the subject marks, ifz.com, jogs.com, jojo.com, lute.com, mica.com, sack.com, hxx.com, iaf.com, khk.com, lej.com, smf.com, viw.com, wwnm.com, xvs.com, zdu.com, jacy.com, hfj.org, and x.tv.

----

[4]    The Plaintiff arrived at this figuring by averaging the price for each of the subject domain names from three different domain valuations organizations.

[5]    Interestingly the Defendant, while taking control of <x.tv> as evidenced by inserting his email address in the WHOIS record (the only way to effect the registration contract) he left the Plaintiff=s name on the WHOIS record.  Despite the name being unchanged, the registrant email is outside of the Plaintiff=s control and this email is the method by which the domain name is controlled.

37.     Defendant Doe's actions are in violation of these aforementioned rights of Plaintiff.

38.     The Plaintiff maintains a domain name management account at eNom.

39.     The Plaintiff's domain name management account at eNom is maintained on a protected computer system and access to the account should be restricted only to those persons with the Plaintiff's or Plaintiff's employee's username and password.

40.     On or before May 7, 2016 Defendant gained unauthorized access to the Plaintiff's domain name management account at eNom and subsequently altered the domain registration record for the Defendant Domain Names.  (See Exhibits 2-01 through 2-18.)

41.     Defendant Doe has taken control of the Defendant Domain Names with the intent to divert substantial advertising revenue produced by the web sites associated with the Defendant Domain Names to himself.

42.     Defendant Doe has taken control of the Defendant Domain Names with the intent to redirect the Plaintiffs customers from web sites controlled by the Plaintiff to web sites controlled by the Defendant.

43.     Defendant Doe has taken control of the Defendant Domain Names with the intent to resell the Defendant Domain Names and has already listed three for sale to the public for financial gain without relation to use of the domain name in the bona fide offering of any good or services.

44.     Defendant Doe has taken control of the Defendant Domain Names with the intent to damage the good reputation and good will which the Plaintiff has built in the Defendant Domain Names over many years.

45.     Defendant Doe's registration and use of the Defendant Domain Names is without the Plaintiff's authorization.

DocuSign Envelope ID: EA991606-EA5C-409E-A9EA-C2A95A91D843

46. Defendant Doe has no intellectual property rights in the Subject Domain Names.

47. Defendant Doe provided materially false and misleading contact information in the domain name registrations for the Subject Domain Names.[6]

48. Defendant Doe's actions are in violation of these aforementioned rights of Plaintiff.

VI. Causes of Action

## Count I
## Claim for Declaratory Judgment

49. Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

50. Plaintiff had a contract with eNom for many years and has maintained uninterrupted control over the Defendant Domain Names since they were purchased by Plaintiff.

51. Defendant Doe's actions have taken control of the Defendant Domain Names from the Plaintiff.

52. The Declaratory Judgment Act, 28 U.S.C. 2201, provides for a declaration of the rights of the Plaintiff in this matter.

---

[6] In addition to the facially invalid contact information provided on the Registrations, Defendant Doe is using a privacy service to conceal his identity further.

9

DocuSign Envelope ID: EA991606-EA5C-409E-A9EA-C2A95A91D843

Count II
Anticybersquating Consumer Protection Act (ACPA), 15 U.S.C. ' 1114(2)(d)

53.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

54.     The Plaintiff has owned the Defendant Domain Names for many years and has used them to both promote its businesses and generate substantial income and has common law rights in the marks.

55.     Defendant Doe's actions constitute registration, trafficking, or use of a domain name that is identical to the Plaintiff's trademark with bad faith intent to profit therefrom.

56.     The Plaintiff, because of Defendant Doe's actions, is being prevented from using and exercising control over the Defendant Domain Names.

57.     The Plaintiff is being harmed through the loss of prospective traffic to its business, loss of income, loss of business and loss of prospective business opportunities unless enjoined.

58.     The Plaintiff's business reputation and standing is at risk from posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with its domain names.

59.     The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate identity of a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. 1125(d)(2)(A)(i)(I).

60.     The above described conduct of the Defendant registrant of the Defendant Domain Names constitutes unlawful cybersquatting in violation of the Anticybersquating Consumer Protection Act, 15 U.S. C. 1125(d)(1).

61.     The above described conduct by Defendant Doe has caused, and is causing, great and irreparable harm to the Plaintiff and the public, specifically the potential posting of improper,

illegal, incorrect or otherwise harmful information on the web pages associated with its domain names. Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S. C. 1125(d)(2)(D)(i), the Plaintiff is entitled to an order transferring the Defendant Domain Names registration to the Plaintiff.

## Count III
### Tortuous Interference with Contractual Relationship

62.     Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

63.     Plaintiff properly entered into contracts with eNom, the registrar for the Defendant Domain Names before the Defendant Domain Names were stolen.

64.     Defendant Doe has unlawfully taken control of the Defendant Domain Names, interfering with Plaintiff's lawful contract rights to the Defendant Domain Names.

65.     As a result of Defendant Doe's acts, the Plaintiff has been damaged and will continue to be damaged. The Plaintiff requests that this Court declare Defendant Doe liable for its past and any future losses in association with the registration service contracts.

## Count IV
### Conversion

66.     The Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

67.     The Plaintiff has property rights in the Defendant Domain Names.

68.     Defendant Doe has taken control of the Defendant Domain Names and is wrongfully exercising control and authority over the Defendant Domain Names.

69.     The control and authority exercised by Defendant Doe deprives the Plaintiff of control and the income and business generated from the Defendant Domain Names.

11

DocuSign Envelope ID: EA991606-EA5C-409E-A9EA-C2A95A91D843

70.    Defendant Doe is wrongfully exerting dominion over the Plaintiff's property in denial of its rights.

### Count V
### Violation of the Computer Fraud and Abuse Act

71    The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

72.    The Defendant knowingly and intentionally accessed the Plaintiff's domain name management system on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. 1030(a)(2)(C).

73.    The Defendant knowingly, and with intent to defraud, accessed the Plaintiff's domain name management system on a protected computer without authorization and obtained information from that computer which the Defendant used to further a fraud and obtain something of value in violation of 18 U.S.C. 1030(a)(4).

74.    The Defendant intentionally accessed the Plaintiff's domain name management system on a protected computer without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. 1030(a)(5)(C).

75.    The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff during a one-year period aggregating to at least $5,000.

79.    As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law and which will continue unless enjoined.

WHEREFORE, The Plaintiff respectfully requests of this court:

I.      That judgment be entered in favor of the Plaintiff on its claims for violation of the

Anticybersquating Consumer Protection Act; and

II.     That judgment be entered in favor of the Plaintiff on its claims for violation of the

Computer Fraud and Abuse Act; and

III.    Enter an order declaring that the Plaintiff Mrs. Jello, LLC is the only entity with any rights

to the contracts controlling the Defendant Domain Names; and

IV.     Enter an order declaring that the Defendant Doe does not have any rights to the Defendant

Domain Names; and

V.      Enter an order directing that the Defendant Domain Names be promptly transferred to

Plaintiff; and

VI.     Enter an Order directing Verisign and The Public Interest Registry, respectively, to

promptly return control of the Defendant Domain Names to the Plaintiff, Mrs. Jello, LLC and the

registrar as directed by counsel for the Plaintiff; and

VII.    Award the Plaintiff its fees and costs, including reasonable attorney fees, in connection

with this action pursuant to 15 U.S.C. 1117(a); and

VIII.   That the Court grant such other relief to the Plaintiff as the Court deems just and proper.

Dated: June, 16, 2016.

                                        Respectfully Submitted,

                                        Mrs. Jello, LLC
                                        By counsel

                        Verification

        I hereby state under penalty of perjury that the foregoing factual statements are true and
correct to the best of my knowledge, information and belief.

_____                          6/15/2016
Mrs. Jello, LLC                                          _____
By Michal Lichtman Member                                Date

                            13

DocuSign Envelope ID: EA991606-EA5C-409E-A9EA-C2A95A91D843

Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

and

Stevan Lieberman, Esq.
Greenberg & Lieberman, LLC
1775 Eye Street NW, #1150
Washington, D.C. 20006
(202) 625-7000, Fax: 202-625-70001
Stevan@aplegal.com

Counsel to Mrs. Jello, LLC

14